**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LAURA B. MULLINS, | : | Case No. 3:19-cv-352 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

## I.   Introduction

In March 2016, Plaintiff Laura B. Mullins filed an application for Disability

Insurance Benefits, Supplemental Security Income, and a period of disability benefits.  The

claim was denied initially and upon reconsideration.  After a hearing at Plaintiff's request,

Administrative Law Judge (ALJ) Deborah F. Sanders concluded that Plaintiff was not

eligible for benefits because she was not under a "disability" as defined in the Social

Security Act.  The Appeals Council denied Plaintiff's request for review.

Plaintiff subsequently filed an action before this Court, seeking a remand for

benefits, or in the alternative, for further proceedings.  The Commissioner asks the Court

to affirm the non-disability decision.

The case presently is before the Court on Plaintiff's Statement of Errors (Doc. No. 9), the Commissioner's Memorandum in Opposition (Doc. No. 13), Plaintiff's Reply (Doc. No. 14), and the administrative record (Doc. No. 8).

## II.    Background

Plaintiff asserts that she has been under a disability since December 1, 2014.  At all relevant times, Plaintiff has been under 50 years of age, and therefore is considered a "younger person" under Social Security Regulations.  *See* § 404.1563(c); 20 C.F.R. § 416.963(c).[1]  She did not complete high school.

The evidence of the record is sufficiently summarized in the ALJ's decision (Doc. No. 8-2, Page ID 47-59), Plaintiff's Statement of Errors (Doc. No. 9), and the Commissioner's Memorandum in Opposition (Doc. No. 13).  Rather than repeat these summaries, the Court will focus on the pertinent evidence within the context of the discussion below.

## III.    Standard of Review

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability," as defined by the Social Security Act, has specialized meaning of limited scope.  It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant

---

[1] The Court hereafter will cite only the pertinent Disability Insurance Benefits Regulations, but with full knowledge of the corresponding Supplemental Security Income Regulations.

paid job – i.e., "substantial gainful activity," in Social Security lexicon.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the factual findings or by whether the administrative record contains evidence contrary to those factual findings.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Instead, the factual findings are upheld if the substantial-evidence standard is met – that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakely*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).  Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance …" *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry – reviewing the correctness of the legal criteria – may result in reversal even when the record contains substantial evidence supporting the factual findings.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746.  "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial

right.'"  *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV.    The ALJ's Decision

As noted previously, the Administrative Law Judge was tasked with evaluating the

evidence related to Plaintiff's application for benefits.  In doing so, the Administrative Law

Judge considered each of the five sequential steps set forth in the Social Security

Regulations.  *See* 20 C.F.R. § 416.920.  He reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful employment since her alleged disability onset date, December 1, 2014.
>
> Step 2: She has the severe impairments of depression, anxiety, mild pulmonary hypertension, chronic back pain, and obesity.
>
> Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "less than the full range of light work," subject to the following additional limitations: (1) can lift or carry 20 pounds occasionally and 10 pounds frequently; (2) can stand and/or walk and sit for about 6 hours in an 8-hour workday, alternating every hour with 1 to 2 minutes to change position while remaining on task; (3) frequently can climb ramps and stairs; (4) occasionally can climb ladders, ropes, and scaffolds; (5) occasionally can stoop, kneel, crouch, and crawl; (6) can never work at unprotected heights or around dangerous machinery; (7) can never operate a commercial motor vehicle; (8) can have occasional exposure to extreme cold or humidity; (9) can perform simple, routine, repetitive tasks, but not at a fast production rate pace, and with no strict production quotas; (10) can have occasional interaction with co-workers and supervisors, with no shared or tandem tasks; (11) can have no interaction with the public in a customer service capacity; and (12) can adapt to relatively static environment with infrequent changes.
>
> Step 4: Plaintiff is unable to perform any past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, she could perform a significant number of jobs that exist in the national economy.

(Doc. No. 8-2, Page ID 49-50).  Based on these findings, the Administrative Law Judge concluded that Plaintiff was not under a benefits-qualifying disability. (*Id.* at 59).

## V.      Discussion

In her Statement of Errors, Plaintiff identifies five alleged errors by the ALJ: (1) "rejecting" the opinion of treating psychiatrist Dr. Singh; (2) "summarily crediting" the opinion of agency reviewer Dr. Banks; (3) applying greater scrutiny to the treating source's opinion than to that of the non-treating source; (4) making "unreasonable and unsupported" adverse symptoms findings; and (5) rendering a decision that is not supported by substantial evidence. (Doc. No. 9, p. 5). Conversely, the Commissioner maintains that the ALJ properly evaluated the medical evidence and that substantial evidence supports her decision. (Doc. No. 13).

### a.   Applicable Law re Evaluation of Medical Source Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions, and "[k]ey among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers*, 486 F.3d at 242.  Controlling weight should be afforded to a treating-source opinion when (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

5

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

If a treating source's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544). However, while "the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decisions include 'good reasons … for the weight … give[n] [to the] treating source's opinion' – not an exhaustive factor-by-factor analysis." *Francis v. Comm'r of Soc. Sec.*, 41 F. App'x 802, 804 (6th Cir. 2011). This "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Wilson*, 378 F.3d at 544 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

b.  *ALJ's Evaluation of the Opinions of Dr. Singh and Dr. Banks*

Plaintiff contends that the ALJ erred in evaluating the opinion of Plaintiff's treating psychiatrist, Darshan Singh, M.D., both by discounting that opinion and by subjecting it to greater scrutiny than that of Dr. Banks, a non-treating medical source. The Court agrees that the ALJ committed reversible error in declining to afford Dr. Singh's treating opinion any significant weight.

On March 30, 2018, Dr. Singh completed a "Mental Impairment Questionnaire" in which he opined that Plaintiff had "extreme" limitations in her ability to sustain an ordinary

6

routine and regular attendance at work, as well as her ability to manage her psychologically-based symptoms. (Doc. No. 8-8F, Page ID 793-795). He also opined that Plaintiff had "marked" limitations in her ability to use reason and judgment to make work-related decisions; to work at an appropriate and consistent pace; to complete tasks in a timely manner; to ignore or avoid distractions while working; to work a full day without needing more than the allotted number of length of rest periods during the day; to adapt to changes; and to distinguish between acceptable and unacceptable performance. (*Id.*). As defined by the questionnaire, "extreme" meant that Plaintiff was "not able to function in this area independently, appropriately, effectively, and on a sustained basis," while "marked" meant she had a "seriously limited ability to function in this area independently, appropriately, effectively, and on a sustained basis." (*Id.* at Page ID 794).

Dr. Singh further opined that Plaintiff would be off task 20 percent or more of an average typical work week, and absent more than three times a month. (*Id.* at Page ID 793). Finally, Dr. Singh indicated his belief that Plaintiff could not "perform regular, full-time, competitive work (including jobs consisting of simple, routine tasks) on a sustained basis without missing work more than two times per month, being off-task more than 15% of the workday, or needing additional breaks" due to her impairments, medical appointments, and/or treatments. (*Id.* at Page ID 795).[2]

---

[2] Notably, medical source opinions that a claimant is disabled or unable to work are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." See 20 C.F.R. § 404.1527(d).

In first mentioning Dr. Singh's opinion, the ALJ mistakenly identified him as Plaintiff's "primary care physician" rather than as her treating psychiatrist. (Doc. No. 8-2, Page ID 57). Nowhere in her 13-page decision did the ALJ correct that mischaracterization of Dr. Singh's role in Plaintiff's medical care. That error alone is sufficient to raise doubt as to whether the ALJ afforded proper consideration to Dr. Singh's opinion.

Despite that initial error, the ALJ reasonably determined that Dr. Singh's opinion was not entitled to controlling or deferential weight because it was "inconsistent with other substantial medical evidence of record." (*Id.*). An October 31, 2016 report by state agency psychologist Sandra Banks, Ph.D. offered a less pessimistic assessment of Plaintiff's psychological impairments and residual functional capacity. (*See* Doc. No. 8- 3, Page ID 125-128). Furthermore, the ALJ elaborated on other inconsistencies between Dr. Singh's opinion and the record, observing in part as follows:

> For example, as late as March 2018, [Plaintiff] reported that Latuda was helping her depression. She reported that she was no longer experiencing mood swings and anger, but that she was still dealing with some family stressors, and she was able to identify the cognitive and behavioral changes she has made to promote her progress and [to] develop a plan to further her progress.

(Doc. 8-2, Page ID 57, citing Exhibit 7F at 21). The ALJ identified sufficient inconsistencies between Dr. Singh's opinion and other evidence in the record to warrant denying his opinion controlling or deferential weight under the treating physician rule. *See Gayheart*, 710 F.3d at 376.

Nevertheless, the Court concludes that the ALJ failed to articulate the requisite "good reasons" for affording Dr. Singh's treating physician opinion "little weight." (Doc.

8-2, Page ID 57). *See Francis*, 41 F. App'x at 804. Although she deemed Dr. Singh's proposed limitations "extreme" and inconsistent with Plaintiff's reports that she did not need reminders to take medications or to tend to her personal needs (*id.*, citing Exhibit 4E), the ALJ undermined her own conclusion to that effect by suggesting that Plaintiff's periodic increase in symptoms could be attributable to her failure to comply with her prescribed medication regimen. (*See id.*). Further, as aptly noted in Plaintiff's Statement of Errors (*see* Doc. No. 9, p. 10), Dr. Singh's restrictive opinion regarding Plaintiff's limitations was not based on concerns about Plaintiff's ability to attend to her personal needs – an area as to which he assessed her as only "mild[ly]" limited (Doc. No. 8-8F, Page ID 794). Case law recognizes that the ability to attend to one's personal needs is distinguishable from the ability to successfully maintain employment. *See, e.g., Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967) ("The fact that [a claimant] can still perform simple functions, such as driving, grocery shopping, dish washing and floor sweeping, does not necessarily indicate that [he or she] possesses an ability to engage in substantial gainful activity."). Plaintiff's abilities with regard to her personal needs cannot be presumed to correlate with her ability to perform available jobs.

Aside from those overt flaws in the ALJ's reasoning, the subject decision also gives no indication that the ALJ properly considered other relevant factors when deciding what weight to assign to the respective psychological medical source opinions of record – *i.e.*, factors including the length, frequency, nature, and extent of the treatment relationship; the specialization of the physician; etc. *See Rogers*, 486 F.3d at 242. Although the Court recognizes that the ALJ was not required to engage in "an exhaustive factor-by-factor

9

analysis," *Francis*, 41 F. App'x at 804, her reference to Dr. Singh as Plaintiff's "primary care physician" suggests that the ALJ did not properly consider Dr. Singh's specialty in psychiatry. Furthermore, in assigning "little weight" to Dr. Singh's opinion while affording "great weight" to that of Dr. Banks, the ALJ appears to have ignored the fact that Dr. Singh had been Plaintiff's treating psychiatrist from September 2014 through at least the date of his 2018 opinion and he or an associate at Clearing Paths Therapeutic Services, Ltd. had examined her on more than 20 occasions (*see* Doc. No. 8-7, Exh. 1F, Page ID 394-417, 473-500), whereas Dr. Banks offered her assessment based solely on reviewing a limited number of Clearing Paths' records from before October 31, 2016 (the date of Dr. Banks's opinion). The ALJ failed to acknowledge that perceived inconsistencies between Dr. Banks's 2016 opinion and Dr. Singh's more recent one could be the result of Plaintiff's failure to show significant improvement despite an additional 18 months of treatment. No "good reasons" for the substantially different treatment given to the respective mental health opinions are contained within the ALJ's decision.

## VI.  Remand

A remand is appropriate when an ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right.  *Bowen*, 478 F.3d at 746.  Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen* at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*,

741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility. *See Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). A remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

## VII. <u>Conclusion</u>

For the foregoing reasons, the ALJ erred in determining that Dr. Singh's opinion was entitled to little weight while assigning great weight to the opinion of non-treating

agency psychologist Dr. Banks, and the non-disability determination therefore must be vacated and this matter remanded for further proceedings. Having so concluded, the Court need not address the other alleged errors raised by Plaintiff.

**IT THEREFORE IS ORDERED THAT**:

1) The Administrative Law Judge's non-disability finding is VACATED;

2) No finding is made as to whether Plaintiff Laura B. Mullins was under a "disability" within the meaning of the Social Security Act;

3) This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration of the mental health medical source opinions in accordance with the applicable standards; and

4) The case is terminated on the docket of this Court.


April 19, 2021                                    *s/Sharon L. Ovington*
                                                  Sharon L. Ovington
                                                  United States Magistrate Judge